UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MARGARITA HERNANDEZ, individually,
and on behalf of MALENA RODRIGUEZ,
as her parent and natural guardian,

        Plaintiffs,

-vs-

CARIBBEAN SUN AIRLINES, INC., d/b/a
WORLD ATLANTIC AIRLINES and
WILSON INTERNATIONAL SERVICES, INC.

        Defendants.
_____

## COMPLAINT

The Plaintiffs, MARGRITA HERNANDEZ, individually, and on behalf of MALENA RODRIGUEZ, as her parent and natural guardian, sue the Defendants, CARIBBEAN SUN AIRLINES, INC., d/b/a WORLD ATLANTIC AIRLINES and WILSON INTERNATIONAL SERVICES, INC., and say:

### INTRODUCTION

1.    This is an action for damages arising out of an aircraft accident that occurred while Plaintiffs were passengers on board Defendants' Flight 1703 from Miami International Airport to Jose Marti International Airport in Havana, Cuba.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action that arises under the laws and treaties of the United States, namely, the Convention for the

Unification of Certain Rules for International Carriage by Air Done at Montreal, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention").

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Article 33 of the Montreal Convention.

4. This Court has personal jurisdiction over Defendant Caribbean Sun Airlines, Inc. d/b/a/ World Atlantic Airlines ("World Atlantic Airlines") because World Atlantic Airlines is registered to do business in Florida, engages in substantial business in Florida, has its principal place of business in Florida, and routinely operates flights from Florida.

5. This Court has personal jurisdiction over Defendant Wilson International Services, Inc. ("Wilson International") because it is a Florida corporation with its principal address at 4919 SW 75 Ave, Miami, Florida 33155.

6. This Court may exercise supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Margarita Hernandez is a citizen of the United States and a resident of Jacksonville, Duval County, Florida.

8. Margarita Hernandez brings this action individually and as natural guardian of Malena Rodriguez, her minor daughter.

9. Plaintiff Malena Rodriguez is a citizen of the United States and a resident of Jacksonville, Duval County, Florida.

10. Defendant World Atlantic Airlines is a foreign profit corporation with a principal place of business at 6355 N.W. 36th Street, Suite #100, Miami, Florida 33166, and has as its registered agent Tomas E. Romero.

11. Defendant Wilson International is a Florida profit corporation with its principal place of business at 4919 SW 75 Avenue, Miami, Florida 33155, and has as its registered agent Daniel Blanco.

12. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

13. On or before December 24, 2013, Plaintiffs purchased two roundtrip tickets from Defendants for travel between Miami, Florida and the Jose Marti International Airport in Havana, Cuba.

14. Defendant World Atlantic Airlines was a carrier pursuant to the Montreal Convention that engaged in the business of transportation and carriage of fare-paying passengers on regularly scheduled flights in aircraft owned, leased, operated, managed, maintained, and/or controlled by Defendant World Atlantic Airlines.

15. Defendant Wilson International was a carrier pursuant to the Montreal Convention that engaged in the business of transportation and carriage of fare-paying passengers on regularly scheduled flights in aircraft owned, leased, operated, managed, maintained, and/or controlled by Defendant Wilson International.

16. In the alternative, Defendant Wilson International made a contract of carriage governed by the Montreal Convention with Plaintiffs governing World Atlantic Airlines Flight 1703 ("Flight 1703"), and Defendant World Atlantic Airlines, as actual carrier, performed the carriage by virtue of authority from Defendant Wilson International.

17. As common carrier, Defendants were and are obligated to provide the highest degree of care to its passengers.

18. On December 24, 2013, the Defendants, individually or collectively, were the owners, lessees, operators, and/or entities in control of Flight 1703, which flight was scheduled to depart from Miami International Airport and arrive at Jose Marti International Airport.

19. Flight 1703 was an international carriage of persons performed by aircraft for reward as defined in Article 1(2) of the Montreal Convention.

20. The United States and Cuba are signatories to the Montreal Convention.

21. The Montreal Convention governs this action.

22. On or about December 24, 2013, Plaintiff Hernandez and Plaintiff Rodriguez were ticketed passengers aboard Flight 1703.

23. Minutes after takeoff, the aircraft experienced a mechanical emergency which prompted the pilot to turn the aircraft around and return to the Miami International Airport.

24. During the attempted emergency landing, the subject aircraft experienced a hard landing.

25. The hard landing was an accident pursuant to the Montreal Convention.

26. As a direct and proximate result of the aircraft's hard landing, Plaintiff Rodriguez suffered serious bodily injuries to her neck and back.

27. As a direct and proximate result of the aircraft's hard landing, Plaintiff Hernandez suffered serious bodily injuries to her neck, back, buttock, and ribs.

## COUNT I
## STRICT LIABILITY UNDER ARTICLE 17 OF THE MONTREAL CONVENTION

Plaintiffs re-allege and adopt the allegations of paragraphs 1–27.

28. At the time of the hard landing on December 24, 2013, Plaintiffs, as passengers on Flight 1703, were engaged in international carriage as defined in Article 1(2) of the Montreal Convention.

29. Under Articles 17 and 39, Defendants are liable for the damage and bodily injury sustained by Plaintiffs in that the accident which caused their bodily injuries took place on board Flight 1703.

30. Under Articles 17 and 39 of the Montreal Convention, the Defendants are strictly liable for damage sustained in case of bodily injury of a passenger.

31. The Defendants' liability under the Montreal Convention is absolute up to 113,100 Special Drawing Rights ("SDRs") pursuant to Article 21(1).

32. The Defendants are liable to Plaintiffs under Article 21(2) of the Montreal Convention for all damages exceeding 113,100 SDRs.

33. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs suffered injuries, including but not limited to: bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, loss of income, and medical expenses. Plaintiffs' injuries are permanent or continuing, and Plaintiffs will suffer future losses and impairment.

WHEREFORE, Plaintiffs Margarita Hernandez and Malena Rodriguez demand judgment against Defendant Caribbean Sun Airlines, Inc. d/b/a/ World Atlantic Airlines and Defendant Wilson International Services, Inc. for damages, together with prejudgment interest and costs, and any other such relief as this Court deems appropriate.

## COUNT II
## NEGLIGENCE

Plaintiffs re-allege and adopt the allegations of paragraphs 1–27.

34. As common carriers engaged in the business of transporting fare-paying passengers by air, Defendants owed the Plaintiffs the highest duty of care.

35. Defendants breached this duty and was negligent in ways that include, but are not limited to, the following:

   a. Failing to ensure that Flight 1703 was conducted safely;

   b. Failing to ensure that all aspects of Flight 1703, including but not limited to the subject plane's descent and landing, were properly evaluated and carried out;

   c. Failing to make proper landing maneuvers in order to prevent the subject plane from experiencing a hard landing;

   d. Failing to properly inspect, maintain, repair, and/or overhaul the subject aircraft to ensure that the aircraft was in airworthy condition;

   e. Operating and landing the subject plane in such a manner as to cause it to experience a hard landing;

   f. Placing Plaintiffs in a position of peril and risk of injuries;

   g. Failing to safely land the subject plane at Miami International Airport; and

   h. Failing to warn Plaintiffs and other passengers to prepare for a hard impact as a result of the failed emergency landing.

36. As a direct and proximate result of the above actions or omissions of Defendants, Plaintiffs sustained damages that include but are not limited to: bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, loss of income, and medical expenses. Plaintiffs' injuries are permanent or continuing, and Plaintiffs will suffer future losses and impairment.

WHEREFORE, Plaintiffs Margarita Hernandez and Malena Rodriguez demand judgment against Defendant Caribbean Sun Airlines, Inc. d/b/a/ World Atlantic Airlines and Defendant

Wilson International Services, Inc. for damages, together with prejudgment interest and costs, and any other such relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable as a matter of right.

Dated:      December 18, 2015    .

/s/ Edward R. Curtis
Edward R. Curtis, Esquire
Florida Bar No. 236845
Angelo M. Castaldi, Esquire
Florida Bar No. 119098
TRIPP, SCOTT, P.A.
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Email: erc@trippscott.com
Telephone: (954) 525-7500
Facsimile: (954) 761-8475
Attorneys for Plaintiffs